UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESUS RAY BROADIE a/k/a
JESSIE RAY BROADIE,
        Plaintiff,

     v.                                            Case No. 07-C-0742

DON STROHOTA, BRUCE A. SIEDSCHLAG,
MICHAEL THURMER and LT. BRENNER,
        Defendants.

---

JESUS RAY BROADIE a/k/a
JESSIE RAY BROADIE,
        Plaintiff,

     v.                                            Case No. 07-C-0743

DON STROHOTA, MICHAEL THURMER,
BRUCE A. SIEDSCHLAG AND LT. BRENNER,
        Defendants.

---

## ORDER

     Plaintiff, Jesus Ray Broadie, a state prisoner, filed these two civil rights cases pursuant to 42 U.S.C. § 1983. In both actions, plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915A. These cases have not been consolidated, but for the sake of convenience, I am discussing the them in a single order.

     Plaintiff, however, has not signed his two complaints. Federal Rule of Civil Procedure 11 provides, in pertinent part,

> **(a) Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be

stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

By letter dated November 20, 2007, the Clerk of Court advised plaintiff about Rule 11's signature requirement and requested that he sign and return his complaints within 10 days. On November 28, 2007, plaintiff filed a letter stating: (1) that he received the clerk's letter; and (2) that he inserted defendants' names and addresses on the signature page. Included with the letter are plaintiff's unsigned complaints, which state "Refused to Sign" on the signature line.

Inasmuch as it is unclear whether plaintiff understands the consequences of failing to sign his complaints, he will be provided an extension of time to sign and return the complaints. Plaintiff is advised that the signed complaints must be returned to the court on or before **December 19, 2007.** If he fails to sign the complaints by this date, the complaints to be stricken under Rule 11(a) and his cases will be dismissed.

Next, plaintiff has filed a document entitled "Statement of Complaint" in each of his cases. Based on this, it appears that plaintiff seeks to amend his complaint. However, these documents have not been signed under Rule 11(a) either. Notably, plaintiff attached to each Statement of Complaint a signed affidavit. However, Rule 11(a) requires plaintiff to sign each document he files. Plaintiff's requests are further deficient because he failed to submit a copy of his proposed amended complaint. See Civil L.R. 15.1 (E.D. Wis.) (copy enclosed).

Plaintiff is advised that may file motions to amend the complaints if he wishes to add new claims and additional defendants. If plaintiff files a motion to amend, he must attach to the motion a copy of the proposed amended complaint. See Civil L.R. 15.1 (E.D. Wis.).

2

Because an amended complaint supercedes a prior complaint, plaintiff will need to file an amended complaint which incorporates the allegations set forth in his initial complaint. See Duda v. Board of Ed. Of Franklin Park Pub. School Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Any matters not set forth in the amended complaint will be, in effect, withdrawn. See Duda, 133 F.3d 1056. And, of course, he must sign any motion and any proposed amended complaint. Once it is received by the court, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

As a final matter, plaintiff has indicated that he has been prevented from filing a third lawsuit against prison officials at Waupun Correctional Institution. In support of his proposition, he submitted copies of several Disbursement Requests asking prison officials to deduct postage and filing fees from his prison trust account. It is unclear what relief plaintiff seeks from this court. However, there is enclosed with this order a form for filing a civil rights complaint under 42 U.S.C. § 1983.

## **CONCLUSION**

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff shall sign and return his two complaints on or before **December 19, 2007.** Failure to sign and return the complaints by this date will cause the complaints to be stricken and his cases to be dismissed.

Dated at Milwaukee, Wisconsin, this 3 day of December, 2007.

/s
LYNN ADELMAN
District Judge

**Civil L.R. 15.1 (E.D. Wis.) - Motions to Amend Pleadings**

A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendments. Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. If the motion to amend is granted, the clerk must then detach the amended pleading and file it when the order granting the motion to amend if filed.