# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JESSIE RAY BROADIE**
**also known as Jesus Ray Broadie,**

      **Plaintiff,**

      v.                                         **Case No. 07-C-742**

**DON STROHOTA, BRUCE A. SIEDSCHLAG,**
**MICHAEL THURMER, LT. BRENNER,**
**BELINDA SCHRUBBE, ANGELIA KROLL,**
**LT. SMITH, MICHAEL BERSZACK,**
**WARDEN MICHAEL MEISNER, and SANDY HAUTAMAKI,**

      **Defendants,**

## DECISION AND ORDER

      Plaintiff, a Wisconsin state prisoner, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed in forma pauperis. On February 13, 2008, I ordered plaintiff to file an amended complaint because a review of the original complaint under 28 U.S.C. § 1915A revealed that the original complaint, although far from clear, appeared to advance constitutional claims but did not describe how each defendant was involved in the alleged constitutional violations.

      Instead of filing one amended complaint, plaintiff filed four documents labeled "complaint" or "amended complaint," three affidavits, and several statements of facts. Thus, on April 21, 2008, I ordered plaintiff to file one document labeled "amended complaint" on or before May 21, 2008.

      Instead of filing one amended complaint, plaintiff has filed four documents labeled amended complaint, although only one is docketed as such. Looking to the document that

is docketed amended complaint, it reads as if written in a stream-of-consciousness style and it mentions numerous constitutional claims. Small portions of it are lucid while the majority of it does not make any sense at all. Making sense out of not only the document that is docketed amended complaint but all four filings that are labeled amended complaint would be an exercise in futility due to their lack of clarity.

District courts may dismiss complaints that are confusing due to their length and lack of clarity, although leave to replead should ordinarily be granted. See Lindell v. McCallum, 352 F.3d 1107, 1110 (7th Cir. 2003). However, dismissal with prejudice is warranted if "the plaintiff has demonstrated her inability to file a lucid complaint." Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). Plaintiff has demonstrated an inability to file one lucid complaint and therefore dismissal of the complaint as unintelligible would be proper.

However, the proposed amended complaints, and this case, may also be dismissed as malicious. Plaintiff has been given two opportunities to file one comprehensive amended complaint. I find that plaintiff's violation of my orders to file one amended complaint is malicious. See Lindell, 352 F.3d at 1109 (citing Spencer v. Rhodes, 656 F. Supp. 458, 464 (E.D. N.C. 1987) (civil rights plaintiff's failure to comply with court order that he make "short and plain" statement of fact that would support what he believed to be his legal claim for deprivation of civil rights, justified dismissal of complaint).

**IT IS THEREFORE ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as malicious.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as malicious under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 14 day of July, 2008.

/s_____
LYNN ADELMAN
District Judge

3